IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS SANDOVAL, #39494-177,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | 3:14-CV-01830-M-BK<br>(3:09-CR-320-M-2) |
| UNITED STATES OF AMERICA,<br>    Respondent. | §<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255, which was automatically referred to the magistrate judge.  *See* 28 U.S.C. § 636(b) and *Special Order 3*.  For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement with an appellate-rights waiver, Petitioner pled guilty to conspiracy to commit bank robbery and two counts of using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence, and was sentenced to 480 months' imprisonment.  He filed no appeal.  In this timely section 2255 motion and brief in support, Petitioner asserts counsel rendered ineffective assistance.  Doc. 1 at 4-6; Doc. 2 at 13-23.  The government argues the section 2255 motion lacks merit, and Petitioner has filed a traverse.  Doc. 7 at 8; Doc. 8.

**II. ANALYSIS**

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under section 2255, a petitioner can collaterally challenge his conviction

1

only on constitutional or jurisdictional grounds. See United States v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

## A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. Id. at 697. To prove the deficient performance prong of the Strickland test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. Id. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. To prove prejudice in the context of a guilty plea, a petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59 (1985). This showing requires more than mere speculation or conjecture. Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

*Failure to Investigate*

Petitioner asserts counsel rendered ineffective assistance in failing to investigate the defense of duress prior to entry of the guilty plea. Doc. 2 at 13. Specifically, he relies on a post-arrest statement by codefendant, Enrique Lopez, in which Lopez stated: "I was going to beat [Petitioner's] ass if he didn't [rob the bank] with me. I set him up." Doc. 2 at 13-14. Petitioner

argues that counsel would not have advised him to plead guilty had she been aware of this statement.  Doc. 2 at 17.

First, Petitioner's claim that his counsel was unaware of Lopez's statements appears meritless, given counsel's explicit mention of the possibility of duress during sentencing.  Crim. Doc. 236 at 35.  However, assuming that counsel was unaware of Lopez's statements during plea proceedings, the Court is not convinced that counsel was deficient.  Petitioner has presented only bare allegations of counsel's failure to investigate—that is insufficient to sustain his claim. *See United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014), *cert. denied,* 2014 WL 5308405 (U.S. 2014) (cited cases omitted) ("To establish [a] failure to investigate claim, [a defendant] must allege with specificity what the investigation would have revealed *and how it would have benefitted him*.") (quoted case omitted, emphasis in original).

Moreover, even assuming deficient performance, Petitioner cannot show that he was prejudiced by counsel's failure to investigate or advise him about a potential duress defense. Upon allegations that counsel erred in failing to advise the defendant of a potential affirmative defense to the crime charged, a showing of *Strickland* prejudice turns on the likelihood of that affirmative defense succeeding at trial.  *Hill*, 474 U.S. at 59.  "[T]he [duress] defense only arises if there is a real emergency leaving no time to pursue any legal alternative." *United States v. Posada-Rios,* 158 F.3d 832, 874 (5th Cir. 1998).  If the emergency situation presented the defendant with non-criminal alternatives "the necessity defense [of duress] must fail." *Id.* Additionally, "[v]ague and necessarily self-serving statements of defendants…as to future good intentions or ambiguous conduct…do not support a finding [of duress]." *United States v. Bailey,* 444 U.S. 394, 415 (1980).

Petitioner's brief, supporting affidavit and reply fail to show that there was a real emergency, much less one that prevented him from obeying the law. First, Petitioner makes no mention of any emergency, or any factors indicating an emergency. Doc. 2 at 13-19, 25; Doc. 8 at 2-5. Evidence of the threats Lopez made, when he made them, and how he made them is notably absent from Petitioner's argument. Moreover, the fact that Petitioner engaged in three robberies with Lopez over the course of nine months strongly suggests no such emergency existed. Crim. Doc. 204 at 4-6. Absent any showing to the contrary, a nine-month span surely afforded Petitioner ample time to pursue a legal alternative. Second, Petitioner's claim that he was "forced into committing the crime" and "feared for his life" is conclusory. Doc. 2 at 25. His bare assertion that absent Lopez's threats "[he] would not have committed any crime" is similarly vague and self-serving. Doc. 2 at 25. Given these facts, it is unlikely that arguing the affirmative defense of duress would have succeeded at trial. Accordingly, Petitioner has failed to demonstrate that he was prejudiced by his counsel's failure to pursue this defense and that his choice to enter a guilty plea was affected by his counsel's representation. *See United States v. Hernandez*, No. 13-10264, 2014 U.S. App. Lexis 21325, *12-14 (5th Cir. 2014) (unpublished per curiam) (affirming denial of section 2255 motion because the petitioner failed to demonstrate a viable duress defense that would have likely been successful at trial).

Because Petitioner cannot show that defense counsel rendered constitutionally ineffective assistance and that he was prejudiced, his first claim fails.

*Ineffective Assistance of Counsel at Sentencing*

Petitioner also alleges that counsel was ineffective in failing to argue the defense of duress at sentencing and in using the government's investigatory materials. Doc. 2 at 21. In failing to pursue a duress defense to mitigate his sentence, Petitioner argues that counsel "failed

4

to make the adversarial process meaningful," and therefore, under United States v. Cronic, there is a presumption that Petitioner was prejudiced. See United States v. Cronic, 104 S. Ct. 2039, 2047; Doc. 2 at 20-21. However, the complained of actions are not egregious enough to trigger the *Cronic* presumption. See Martin v. McCotter, 796 F.2d 813, 820 (5th Cir. 1986) (finding application of *Cronic* is warranted only in a "very narrow spectrum of cases" where counsel was so ineffective that the defendant was denied "any meaningful assistance") (quoting Chadwick v. Green, 740 F.2d 897, 901 (11th Cir. 1984)). Here, Petitioner cannot demonstrate that he was not provided with meaningful assistance. First, under oath at the plea hearing, Petitioner responded in the negative when asked if his counsel had been ineffective. Crim. Doc. 235 at 13, 17. Second, during sentencing, Petitioner's counsel gave an eloquent and impassioned plea for mitigation, which even impressed the Judge. Crim. Doc. 236 at 30-38; 44. Third, Petitioner's counsel *did* argue duress in an attempt to mitigate Petitioner's sentence. Crim. Doc. 236 at 35. Given counsel's meaningful representation of Petitioner, no presumption of prejudice applies and Petitioner must make a showing of *Strickland* prejudice. McCotter, 796 F.2d at 820-821.

In attempting to show *Strickland* prejudice, Petitioner offers nothing beyond the conclusory statement that making the duress argument "would have definitely altered the outcome of the proceeding." Doc. 2 at 21. This bare assertion is merely speculation and conjecture, inadequate to show prejudice. Bradford, 953 F.2d at 1012. Even so, Petitioner's contention that a duress argument would have mitigated his sentence is belied by the fact that (1) counsel *did* make the argument, and (2) the Court expressly considered duress during sentencing. Doc. 2 at 21; Crim. Doc. 236 at 35; 45.

Given the lack of evidence showing duress, the reasonableness of counsel's decision to plead guilty, and her active representation of Petitioner at sentencing, Petitioner's claim for ineffective assistance has no merit.

### B. Applicability of *Rosemond v. United States*

Lastly, Petitioner asserts that he "is actually innocent of aiding and abetting the use of firearm pursuant to 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2 in light of the United States Supreme Court substantive interpretation . . . in *Rosemond v. United States*, No. 12-895." Doc. 1 at 5. Although Petitioner did not mention this claim in either his memorandum or the reply, the Court addresses it in light of his *pro se* status. Nonetheless, he presents no convincing claim of actual innocence beyond mere conclusory allegations. Moreover, the courts that have considered this issue have held that *Rosemond v. United States*, --- U.S. ---, 134 S. Ct. 1240, 1249 (2014), which was decided on direct rather than collateral review, does not apply retroactively. *See Martinez v. United States,* No. 3:14–CV–1359–L-BK, 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014); *see also Nix v. United States*, 2015 WL 2137296 * 2 (S.D. Miss. May 7, 2015) (collecting cases). Accordingly, this claim has no merit.

### C. Evidentiary Hearing Not Required

Petitioner requests an evidentiary hearing. Doc. 2 at 23; Doc. 8 at 5. However, "[w]hen the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also Cervantes*, 132 F.3d at 1111 (petitioner was not entitled to an evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Petitioner's claims lack merit, for the reasons stated above, no evidentiary hearing is required in this section 2255 proceeding.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

SIGNED June 24, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE